UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                    Plaintiff,         16-cv-280 T

         v.                       **DECISION**
                                    **AND ORDER**
CENTRAL TERMINAL RESTORATION
CORPORATION, WILLIAM SHEEHAN, MARCY
A. SHEEHAN, and MICHAEL A. SERRANO,

                    Defendants.
_____

I.    INTRODUCTION

      Plaintiff Philadelphia Indemnity Insurance Company ("plaintiff" or "PIIC") commenced the instant action seeking a declaratory judgment regarding its duty to defend and indemnify defendant Central Terminal Restoration Corporation ("CTRC") in lawsuits commenced by defendants William and Marcy A. Sheehan ("the Sheehans") and Michael A. Serrano ("Mr. Serrano"). CTRC, the Sheehans, and Mr. Serrano are hereinafter collectively referred to as the "defendants." Each of the parties moved for summary judgment (*see* Docket Nos. 32-35) and, on May 7, 2017, the Court entered a Decision and Order granting Defendants' motions for summary judgment and holding that PIIC was required to defend and indemnify CTRC under the terms of both the commercial general liability coverage part of CTRC's primary policy and CTRC's excess policy. Docket No. 47. Judgment in favor of defendants was entered on May 8, 2017. Docket No. 48.

      Currently pending before the Court are two motions filed by CTRC. The first is a motion for attorneys' fees filed pursuant to

Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"). Docket No. 50. The second is a motion that also seeks attorneys' fees, but is denominated as a request to alter or amend the judgment. Docket No. 51. For the reasons discussed below, CTRC's motion to alter or amend the judgment is denied and CTRC's motion for attorneys' fees is denied without prejudice to renewal no later than fourteen (14) days after the date a ruling on the merits of plaintiff's appeal by the United States Court of Appeals for the Second Circuit is entered on the docket of the Western District of New York.

**II. Discussion**

    **A. CTRC's Motion to Amend or Alter the Judgment is Unnecessary and Duplicative of Its Motion for Attorneys' Fees**

As a threshold matter, the Court considers whether CTRC was required to file a motion to alter or amend the judgment in this case. On May 19, 2017, 11 days after judgment was entered, CTRC filed a motion for attorneys' fees in accordance with Rule 54(d). Docket No. 50. On June 2, 2017, and for reasons that are not clear to the Court, CTRC filed a second motion seeking the identical relief, but denominated as a motion seeking to alter or amend the judgment in this matter. Docket No. 51. The sole explanation offered by CTRC for the filing of this second motion is a statement by attorney Kenneth W. Africano that it somehow "came to [his] attention that an argument could be made that CTRC should have filed a motion for an amended judgment in order to obtain judgment on its claim for attorneys' fees," with no further discussion of what that argument might be. Docket No. 51-1 at ¶ 5. In any

event, CTRC was not required to file a motion to alter or amend the judgment in order to seek attorneys' fees. *See Buchanan v. Stanships*, Inc., 485 U.S. 265, 268-69 (1988) (noting distinction between a motion under Rule 54(d) and a motion to alter or amend the judgment and explaining that a request under Rule 54(d) is not properly brought as a motion to alter or amend the judgment); *Standard Commercial Tobacco Co. v. M/V "RECIFE"*,1994 WL 376102, at *2 (S.D.N.Y. July 18, 1994) (a motion brought pursuant to Rule 54(d) "does not imply a change in the judgment, but merely seeks what is due because of the judgment") (quotation omitted). Indeed, the text of Rule 54(d) plainly anticipates that a motion requesting attorneys' fees will be made <u>after</u> judgment is entered. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment").

It appears that CTRC may believe that the Court somehow implicitly denied its request for attorneys' fees by not discussing the matter in its earlier Decision and Order. This is not correct. CTRC's brief in support of its motion for summary judgment did raise the issue of attorneys' fees, but further stated that, were the Court to find in CTRC's favor, an appropriate application for attorneys' fees would be made at that time. *See* Docket No. 34-7 at 13. Accordingly, and in anticipation of receiving such an application, the Court did not rule on the issue. *See, e.g., Trapani v. Consol. Edison Employees' Mut. Aid Soc., Inc.*, 1988 WL 138129, at *3 (S.D.N.Y. Dec. 14, 1988) (declining to decide the issue of attorneys' fees prior to receiving a complete application

because "all relevant information should be before the court before it arrives at a final decision on the issue of attorney's fees"). Nothing in the Court's prior Decision and Order was intended to foreclose an application for attorneys' fees by CTRC at the appropriate time.

For the foregoing reasons, CTRC's motion to alter or amend the judgment is duplicative and unnecessary in light of its already pending motion for attorneys' fees pursuant to Rule 54(d). The motion to alter or amend the judgment is therefore denied.

**B. The Court Will Defer Ruling on CTRC's Motion for Attorneys' Fees**

CTRC argues that it is entitled to recover attorneys' fees and costs under well-established New York law providing for payment of such fees where an insurance carrier brings an unsuccessful coverage claim against its insured. As a threshold matter, the Court notes that plaintiff does not dispute the basic premise of CTRC's application and concedes that "New York law allows the court to award reasonable attorneys' fees to a prevailing insured that was put in a defensive posture in coverage litigation." Docket No. 52 at 5. Instead, plaintiff argues (1) that the motion for attorneys' fees is premature because plaintiff has filed a notice of appeal and (2) that CTRC cannot recover fees expended in prosecuting counterclaims against plaintiff.

The propriety of deciding a motion for attorneys' fees while an appeal is pending is squarely addressed by the 1993 Advisory Committee's notes to Rule 54(d), which explain that "[i]f an appeal

on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, 1993 Advisory Committee's Notes. Accordingly, "[w]here the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees." *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014). However, Rule 54(d) "permits the court, where appropriate, to make a quick resolution of the fee motion so that any appeal of that issue might be consolidated with an appeal of the merits." *Id*.

Here, the Court finds that "delaying resolution of [CTRC's] request for attorneys' fees until [plaintiff's] appeal on the merits has been decided is the more prudent course of action." *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 285-86 (E.D.N.Y. 2014) (quotation omitted). The Court's finding is based on the fact that a Second Circuit reversal of the Court's holding would "moot the . . . motion for attorneys' fees" and therefore "deferring a ruling on [CTRC's] motion for attorneys' fees until the Second Circuit resolves [plaintiff's] appeal ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." *Id*. Moreover, deferring ruling on CTRC's motion for attorneys' fees will avoid the necessity of a second motion seeking the fees associated with

litigating the appeal, and, in the event CTRC is the ultimate prevailing party, it can seek appropriate interest on the fee award. *See id*.

## CONCLUSION

For the reasons set forth above, CTRC's motion to alter or amend the judgment (Docket No. 51) is denied and CTRC's motion for attorneys' fees (Docket No. 50) is denied without prejudice to renewal no later than fourteen (14) days after the date a ruling on the merits of plaintiff's appeal by the United States Court of Appeals for the Second Circuit is entered on the docket of the Western District of New York.

**ALL OF THE ABOVE IS SO ORDERED**.

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

DATED:  Rochester, New York
August 10, 2017